In the Matter of the Assignment of EDMUND DARROW to WILLIAM PEET for the Benefit of Creditors.

[SPECIAL TERM.]

(Decided July 31st, 1883.)

Though twenty-five years have not elapsed since the execution of an assignment for the benefit of creditors, the court will refuse an application to compel the assignee to account where the assignor and the creditors have slumbered for many years upon their rights, and the assignee, by reason of the loss of papers, and the death of many persons with whom transactions in the settlement of the estate were had, would be put to great disadvantage in accounting.

Where there is nothing to explain the laches of the assignor and the creditors, and where no fraud or embezzlement is charged against the assignee, the parties will be left to an action for an accounting.

---

* The order entered upon this decision was affirmed by the Court of Appeals, January, 1884.

APPLICATION for a citation to an assignee for the benefit of creditors to account.

The application was made by the assignor and a creditor.

The facts are stated in the opinion.

VAN HOESEN, J.—Mr. Darrow, in 1861, made an assignment. In 1883, for the first time, he asks for an accounting. Nothing has prevented him from making an earlier demand, and naturally the long delay challenges inquiry as to his motive in exhuming the remains of the assignment. As twenty-five years have not elapsed since the assignment was executed, the statute of limitations cannot be interposed by the assignee as a bar, but nevertheless the reasons he gives for objecting to an accounting at this late day address themselves to the discretion of the court. The death of so many persons who had knowledge of the proceedings, taken more than twenty years ago by the assignee, for the winding up of the estate, the loss of papers showing what those proceedings were, the silence of the assignor for so long a time, and the acquiescence of the creditors of Darrow, show not merely that it would be difficult for the assignee now to prepare an account, but also that in settling the estate years ago, the assignee did nothing that called for an appeal by Darrow or his creditors to the court. Vigilance is the duty of the assignor as well as of the assignee. Why has Darrow suddenly awakened to the necessity for an accounting? Why has Alling just discovered that there are in the hands of Mr. Peet moneys to which he is entitled? If Mr. Darrow and Mr. Alling are really anxious for an accounting, let them, after having waited so many years, go into a court of equity, where they will not only obtain an account, but also incur the risk of costs in case their action is dismissed. If there were reason to suspect fraud or embezzlement on the part of the assignee, or if any reasonable excuse existed for the long delay of the assignor and Mr. Alling to compel an accounting, I should unhesitatingly require Mr. Peet to file an account. But, upon the case disclosed by the papers, I shall

deny the application, and leave Mr. Darrow and Mr. Alling to their remedy by action.

Application denied.