(Supreme Court, Special Term, New York County. November, 1903.)

1. ASSIGNEE FOR CREDITORS—REMOVAL—ACCOUNTING.

    An application made in 1903 to remove an assignee of a firm which had assigned in 1886, where there were no specific charges of misconduct, and the assignee alleged that he had sold all the assets in 1886; that the expenses and preferred debts exceeded them; that the general creditors in 1887 waived a formal accounting, and that the moving creditor had not notified him of his claim until the motion, and one of the assignors was dead—will be denied for laches.

In the matter of the assignment of Adolph Gebhardt and Abraham Wecheler. Motion for an order removing Mayer Neuburger, assignee, and for the appointment of another assignee. Motion denied.

Julius J. Frank, for assignor and assignee.
Joseph M. Williams, for receiver and petitioner.

CLARKE, J.   In February, 1886, Adolph Gebhardt and Abraham Wecheler made a general assignment for the benefit of their creditors to Mayer Neuburger.   Petition is now made by O. L. Perrin, as receiver of the Mill Creek Distilling Company, for an order removing the assignee, and requiring him to file his account, and for the appointment of another assignee.   On a previous application in May, 1903, for this order, objection having been made that the assignors were not made parties to the proceeding, Mr. Justice O'Gorman ordered that the motion be withdrawn, with privilege to renew. It does not appear that the defect has been cured.   The affidavit of service upon Gebhardt is defective, in that only the surname is given, and there is therefore no proof of service upon Adolph Gebhardt, one of the assignors herein, and there is no proof that the representative of Abraham Wecheler, deceased, the other assignor, has been made a party.   Moreover, there are several general creditors who have proved claims, and who should have been notified, and made parties, in absence of all excuse for the omission.   Matter of Robinson, 37 N. Y. 261.   It is equally clear that the motion should be denied upon the merits.   The petitioner alleges that he is a general creditor, and that his claim is a judgment recovered by the distilling company against the assignors in May, 1886.   The petition, which is on information and belief, alleges generally that the assignee "has wholly failed to advertise for claims or to file his account,  *  *  * and has positively refused to accept assets belonging to the estate"; but sets forth no facts to substantiate the assertions.   In his answer the assignee denies the allegations of misconduct in the petition, and alleges that immediately upon his acceptance of the assignment he entered upon the discharge of his duties, and reduced to possession and sold all the assets which could be collected; that, after application of proceeds to payment of preferred debts and expenses no assets remained applicable to payment of general creditors, and in 1887, upon a statement of his transactions, rendered to all who had filed claims, formal accounting was waived, there being no funds; that the petitioner herein never submitted to the assignee any proof of claim, or notified him that he was a creditor, previous to making this motion.   In addition to his answer, the assignee submits an affidavit, in which he also states that at no time since 1887 has any creditor communicated with him in any way in reference to the estate, and that although he, as assignee, kept a regular book of account and vouchers, he has been unable to find them after diligent search.   There being no specific act of misconduct set forth in the petition, no cause has been shown for the removal of the assignee. Moreover, the court will not now, after more than 17 years, interfere by summary order and compel an accounting.   There is nothing to explain the laches of petitioner, and the fact that the assignors and all the other creditors have for so long a time acquiesced indicates that there was no mismanagement of the estate.   The petitioner shows no property which the assignee failed to collect, and there is

no charge of fraud or embezzlement or other act by which peti-
tioner has been injured. On the other hand, the assignee, by reason
son of loss of papers and the death of one of the assignors, would,
after so many years have passed, be put to great disadvantage in ac-
counting. Under such circumstances, if the petitioner desires an
accounting, he must bring a suit in equity for an account. Matter
of Darrow, 10 Daly, 141.

Motion denied, with $10 costs.